

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OREGON WILD, an Oregon non-profit corporation; CASCADIA WILDLANDS, an Oregon non-profit corporation, | No.   15-35336 |
| | D.C. No. 6:14-cv-00110-AA |
| Plaintiffs-Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| BUREAU OF LAND MANAGEMENT, an administrative agency of the United States Department of Interior, | |
| Defendant, | |
|  and | |
| SCOTT TIMBER CO.; CARPENTERS INDUSTRIAL COUNCIL, | |
| Intervenor-Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 9, 2017[]
Portland, Oregon

Before:  BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[***] Senior District Judge.

Appellants Scott Timber Co. and Carpenters Industrial Council appeal from a grant of summary judgment in favor of Plaintiffs Oregon Wild and Cascadia Wildlands.  The district court held that the Bureau of Land Management (BLM) violated the National Environmental Policy Act (NEPA) when it authorized the White Castle Variable Retention Harvest Project without considering a reasonable range of alternatives, creating an Environmental Impact Statement (EIS), or taking a hard look at the project's potential environmental consequences.  We dismiss this appeal for lack of jurisdiction.

1.     District court orders remanding to an agency for further proceedings "generally are not 'final decisions' for purposes of [28 U.S.C. § 1291]." *Alsea Valley All. v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir. 2004).  When, as here, the agency subject to the remand order chooses not to appeal, private litigants generally cannot appeal the remand order.  *See Pit River Tribe v. U.S. Forest Serv.*,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

615 F.3d 1069, 1074–77 (9th Cir. 2010) (concluding that a district court's remand order directing the BLM and other agencies to complete a new EIS was not an appealable order under § 1291). Although the district court here did not explicitly remand to the BLM for further proceedings, it functionally did so. There is no other way to interpret its acknowledgment that the "BLM cannot proceed with the project until it complies with NEPA." *Oregon Wild v. BLM*, No. 6:14-CV-0110-AA, 2015 WL 1190131, at *13 (D. Or. Mar. 14, 2015). Under these circumstance, "[t]he reasoning of *Alsea* remains persuasive." *Pit River Tribe*, 615 F.3d at 1076. Appellants can participate in further BLM proceedings and challenge any adverse outcome of those proceedings. *See id.*

2.    We also lack jurisdiction under 28 U.S.C. § 1292(a)(1). We have consistently rejected attempts to recharacterize non-final remand orders as injunctions. *See Pit River Tribe*, 615 F.3d at 1077–78; *Alsea Valley All.*, 358 F.3d at 1186–87. Were we to accept Appellants' argument that jurisdiction exists under § 1292(a)(1) because the remand order had the practical effect of enjoining the BLM from carrying out the project until it complies with NEPA, we would effectively undo the general rule that private parties cannot appeal a remand order when the agency decides not to appeal.

**DISMISSED.**

3